IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**RONNIE J. NIXON**                                        **PLAINTIFF**
**ADC #176827**

v.                    No: 3:23-cv-00258-BSM-PSH

**JASON LETNER,** *et al.*                           **DEFENDANTS**

## ORDER

Plaintiff Ronnie J. Nixon filed a complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. Doc. Nos. 1-2. Nixon is an inmate at the Poinsett County Detention Center and a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). *See Nixon v. Mills, et al.,* Case No. 3:10-cv-12-BSM; *Nixon v. Cox,* Case No. 3:17-cv-122-BRW; *Nixon v. Hitt, et al.,* Case No. 3:17-cv-138-JM.

As a three-striker, Nixon must show that he was in imminent danger of serious physical injury at the time he filed the complaint. 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The PLRA's three-strikes provision states that a prisoner cannot proceed *in forma pauperis* in a civil action if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, ***unless the prisoner is under imminent danger of serious physical injury.***

28 U.S.C. § 1915(g) (emphasis added). The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001). The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).

Nixon claims that he has been forced to do physical work although he is disabled; he also complains that parole officers called him dirty and that other unnamed individuals gave him a toothbrush and forced him to "scrub base boards like a slave." Doc. No. 2 at 4. The Court needs more information to determine if Nixon's claims meet the imminent-danger exception to the PLRA's three-strikes rule. Accordingly, Nixon must amend his complaint within thirty days from the date of this Order. Nixon must provide specific facts to support a claim that he is in danger of imminent serious physical injury. He must specifically describe his medical limitations and what work he has been forced to do. Nixon must also describe the involvement of each defendant and how they are contributing to an ongoing risk of serious physical injury. Finally, Nixon's claims must be factually related if he sues more than one defendant. Under Fed. R. Civ. P. 18, a plaintiff may bring multiple claims, related or not, against a single defendant. To proceed against multiple defendants, plaintiff must satisfy Fed. R. Civ. P. 20, which allows claims

against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants.[1]

The Clerk of Court is directed to send a blank § 1983 complaint form to Nixon. Nixon is cautioned that an amended complaint renders his original complaint without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event he fails to file an amended complaint conforming to this order by that date, this case may be dismissed.

IT IS SO ORDERED this 28th day of December, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] *See Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974) (Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding."); *see also Fulghum v. Allen,* 2015 WL 5667479 at *1 (8th Cir. 2015); *Harris v. Union Pacific R. Co.,* 2013 WL 1187719 (E.D. Ark. 2013); *Langrell v. Union Pacific R. Co.,* 2012 WL 3041312 (E.D. Ark. 2012).